UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 92-469 |
| MARLO HELMSTETTER | SECTION I |

### ORDER AND REASONS

Before the Court is a motion[1] to "Correct and/or Rectify an Illegal Sentence Pursuant to Federal Rules Criminal Procedures Rule 32" filed by defendant, Marlo Helmstetter. For the following reasons, defendant's motion is **DENIED**.

### *BACKGROUND*

On August 27, 1993, defendant was convicted of five felony counts: conspiring to possess cocaine with the intent to distribute (count 1), committing murder and other violent crimes in aid of racketeering activity (counts 9, 10, and 11), and using and carrying a firearm in aid of drug trafficking activity (count 15).[2] On December 15, 1993, another section of this Court sentenced defendant to three life sentences for each of his convictions on counts 1, 9, and 10, 240 months imprisonment for his conviction on count 11, and 60 months imprisonment for his conviction on count 15, with all sentences to be served consecutively.[3] The U.S. Fifth Circuit Court of Appeals subsequently affirmed all counts of defendant's conviction. *See United States v. Tolliver,* 61 F.3d 1189 (5th Cir. 1995).

On January 7, 1997, defendant filed a motion pursuant to 28 U. S. C. § 2255 seeking, in relevant part, to have his conviction on count 15 overturned in light of the U.S. Supreme Court's

---
[1] R. Doc. No. 1155.
[2] R. Doc. No. 1178, p.2.
[3] *Id.*

1

holding in *Bailey v. United States*, 516 U.S. 137 (1995).[4]  On July 29, 1997, another section of this Court granted defendant's motion with respect to count 15 and set aside his conviction and 60 month sentence, but denied his motion on all other grounds.[5]  In vacating defendant's conviction for "using" or "carrying" a firearm during and in relation to a drug trafficking crime, the court noted that the "evidence was sufficient to sustain a conviction undger the 'carry' prong" of the statute, but that the jury instructions were erroneous in light of *Bailey*.[6]  The court vacated the conviction and sentence on that specific count, affording the government the right to retry defendant on that charge.[7]

The government did not retry defendant on the firearm charge.[8]  The court then corrected defendant's sentence by setting aside the 60 month sentence imposed for his conviction on count 15, but the court did not disturb his other convictions and sentences.[9]  Because defendant's sentence for his conviction on count 15 was ordered to run consecutively to three life sentences and a 240 month sentence, vacating the conviction on count 15 had no practical effect on his sentence, as noted by the court:

> Petitioner Helmstetter's § 924 sentence (60 months as to Count 15) was ordered to run consecutively to Petitioner's other sentences: life sentences on each Count 1 … Count 9 …, and Count 10 …; and 240 months imprisonment on Count 11 … Further, there was no enhancement in these other sentences for the firearm conviction.  Thus, vacating Petitioner's § 924 conviction and § 924 sentence makes no difference in the amount of time Petitioner serves.[10]

By order entered on October 16, 1997, the court denied defendant's application for a certificate of appealability with respect to the court's § 2255 ruling and judgment on the ground

---

[4] R. Doc. No. 1178, p.2.
[5] *Id.*
[6] *Id.*
[7] R. Doc. No. 1178, p.3.
[8] *Id.*
[9] *Id.*
[10] *Id.*

that the appeal was legally frivolous.[11] Defendant then sought a certificate of appealability from the Fifth Circuit, raising nine separate issues, none of which asserted errors regarding the vacating of his conviction and sentence for count 15.[12] On May 5, 1998, the Fifth Circuit denied defendant's request for a certificate of appealability, finding that he failed to make a substantial showing of the denial of a constitutional right.[13] On June 25, 2001, defendant sought authorization from the Fifth Circuit to file a "second or successive" § 2255 motion.[14] On July 1, 2001, defendant moved to withdraw his request, which the Fifth Circuit granted.[15]

Nearly fourteen years after entry of the order vacating his conviction and sentence for count 15, defendant filed the instant motion pursuant to Rule 32 of the Federal Rules of Criminal Procedure objecting to the court's July 29, 1997, § 2255 order and judgment because he was not present before the court at the time the court set aside his conviction and sentence for count 15.[16] The government has filed a response.[17]

## LAW AND ANALYSIS

Defendant cites Rule 32 and argues that the court erred in "resentencing" him on July 29, 1997, without his presence before the court. Rule 32 only provides that a defendant be afforded the right of allocution before sentencing or resentencing. Fed. R. Crim. P. 32(c)(3)(C). Based on the arguments and language set forth in his motion, it appears that defendant is actually asserting that the court erred pursuant to Rule 43, which provides that "[u]nless this rule…provides otherwise, the defendant must be present at…sentencing." Fed. R. Crim. P. 43(a). However,

---

[11] *Id.*
[12] *Id.*
[13] R. Doc. No. 1178, p.4.
[14] *Id.*
[15] *United States v. Helmstetter*, No. 01-30729 (5th Cir. 2001) (R. Doc. No. 917).
[16] *See* R. Doc. No. 1155 at 2-3
[17] R. Doc. No. 1178.

3

Rule 43 also provides that the defendant's presence is not required when "[t]he proceeding involves the correction or reduction of sentence under Rule 35…." Fed. R. Crim. P. 43(b)(4).

Despite defendant's attempts to characterize the court's July 29, 1997, order as a "resentencing," the ruling on his § 2255 motion should properly be characterized as a "downward correction of an illegal sentence," not a "resentencing." *See U.S. v. Erwin*, 277 F.3d 727, 731 (5th Cir. 2001) (concluding that the district court's modification of the defendant's sentence was a "downward correction of an illegal sentence," and did not "constitute a resentencing").[18] The Fifth Circuit has stated that, "where the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous." *U.S. v. Pineda*, 988 F.2d 22 (5th Cir. 1993) (quoting *U.S. v. Jackson*, 923 F.2d 1494, 1497 (11th Cir. 1991)).[19]

In the instant case, the court set aside defendant's sentence on count 15 and afforded the government the right to retry him on the firearms charge. The government elected not to retry defendant and a new sentence was not imposed after the original sentence was set aside.[20] The Fifth Circuit has held that,

> "[a] defendant's right to be present when the district court alters his sentence depends on the type of action the district court is taking." *United States v. Patterson*, 42 F.3d 246, 248 (5th Cir. 1994). A defendant is entitled to be present when the district court is imposing a new sentence after the original sentence has been set aside; however, a defendant does not have a right to be present

---

[18] The Court notes that the version of Rule 35 that the Fifth Circuit applied in *Erwin* is the same version that was in effect at the time the amended judgment was issued in this case. Although Rule 35 was subsequently amended, the Court applies the version of the rule and the associated caselaw applicable at the time of the amended judgment. *See e.g., Erwin*, 277 F.3d at 731 (applying the version of the Rule applicable at the time of district court's decision).

[19] When the court set aside defendant's 60 month sentence, it did not make defendant's sentence more onerous. Accordingly, the Court does not discuss the exception for the imposition of a more onerous sentence set forth in *Pineda*.

[20] The modification of his sentence did not alter the amount of time defendant would serve as the three life sentences and the 240 month sentence for counts 1, 9, 10, and 11, respectively, remained undisturbed.

4

>when his sentence is merely modified by the district court. *Id.* (citing *United States v. Moree*, 928 F.2d 654, 655 (5th Cir. 1991)).

*Erwin*, 277 F.3d at 731.

After setting aside the conviction on count 15, the court modified defendant's sentence pursuant to § 2255, which clearly affords the district court the authority to "correct" an unlawful sentence without conducting a formal resentencing. *See Erwin*, 277 F.3d at 731; *see also U.S. v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007). On July 29, 1997, the court modified defendant's sentence to eliminate the extra 60 months that defendant would have had to serve in connection with his conviction as to count 15. Since the court was merely correcting an illegal sentence and not resentencing defendant, defendant was not entitled to be present when the court vacated his conviction and sentence for count 15. Accordingly, defendant is not entitled to relief.[21]

Accordingly,

**IT IS ORDERED** that defendant's motion to correct an illegal sentence pursuant to Rule 32 of the Federal Rules of Criminal Procedure is **DENIED**.

New Orleans, Louisiana, July  15th , 2011.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[21] To the extent that defendant intended to bring his motion pursuant to § 2255, the Court notes that such motion would be time-barred as § 2255 motions are subject to a one-year period of limitations and the events giving rise to defendant's motion occurred 14 years ago. However, the Court does not construe defendant's motion as one brought under § 2255.