# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 92-469 |
| MARLO HELMSTETTER | SECTION I |

### ORDER & REASONS

Before the Court is *pro se* defendant Marlo Helmstetter's ("Helmstetter") "petition for a writ of error coram nobis and coram vobis, writ of audita querela and/or motion to proceed in forma pauperis."[1] The Court previously dismissed as moot the portion of Helmstetter's petition that requested pauper status, since he is not obligated to pay filing fees.[2] As explained further below, the rest of the petition is properly construed in part as a motion for authorization to file a second or successive petition under 28 U.S.C. § 2255; because the Fifth Circuit has not granted Helmstetter permission to file such a petition, the Court will transfer this motion there for further proceedings.

### I.

Helmstetter was convicted of five felony counts in 1993: conspiracy to possess cocaine with the intent to distribute (Count 1); murder in aid of racketeering activity (Counts 9 and 10); aggravated assault in aid of racketeering activity (Count 11); and

---

[1] R. Doc. No. 1256, at 1.
[2] R. Doc. No. 1257.

using and carrying a firearm in aid of drug trafficking activity (Count 15).[3] Another section of this Court sentenced Helmstetter to three life sentences each for Counts 1, 9, and 10; 240 months' imprisonment for Count 11; and 60 months for Count 15.[4] All sentences were to be served consecutively.[5] The Fifth Circuit affirmed on all counts. *United States v. Tolliver*, 61 F.3d 1189 (5th Cir. 1995).

The only subsequent procedural history that matters, for present purposes, happened in 1997: Helmstetter filed a motion under 28 U.S.C. § 2255. He argued therein that (1) his conviction and sentence for Count 15 should be vacated in light of *Bailey v. United States*, 516 U.S. 137 (1995); (2) he received ineffective assistance of counsel under a variety of theories; and (3) there was insufficient evidence to uphold his conspiracy conviction.[6] A different section of this Court granted that motion as to Helmstetter's first argument—vacating his conviction and sentence as to Count 15—but denied it on all other grounds.[7] In doing so, the Court noted that, because the sentences for the other counts (three life sentences and one 240-month sentence) were to run consecutive, "vacating Petitioner's § 924 conviction and § 924 sentence makes no difference in the amount of time Petitioner serves."[8] Helmstetter then

---

[3] R. Doc. No. 1185, at 1. Helmstetter's roles in the conspiracy included "firearms procurer and storer" and "gunman and enforcer." *Tolliver*, 61 F.3d at 1196.
[4] R. Doc. No. 805, at 2–3.
[5] *Id.* at 3.
[6] *Id.* at 3–4.
[7] *Id.* at 23.
[8] *Id.* at 9 n.4.

2

sought, and was denied, a certificate of appealability as to that order from the other section of this Court and the Fifth Circuit.[9]

## II.

"The writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate his criminal conviction." *United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999).[10] The writ is therefore unavailable to a petitioner who, like Helmstetter, is still in custody at the time the petition is filed. *Id.*

The writ of *audita querela*, meanwhile, "is a common law writ . . . that constitutes the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on the ground that some defense or discharge has arisen since its rendition that could not be taken advantage of otherwise." *United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010) (citing *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991), and *Black's Law Dictionary* 150 (9th ed. 2009)). It is "distinguished from *coram nobis* in that *coram nobis* attacks the judgment itself, whereas *audita querela* is directed against the enforcement, or further enforcement, of a judgment which, when rendered, was just and unimpeachable." *Id.* (citing 7A C.J.S. *Audita Querela* § 4 (2004)). "In other words, a

---

[9] R. Doc. No. 828; *United States v. Helmstetter*, No. 97-30883 (5th Cir. May 5, 1998) (docket entry, stating that the court "den[ied] appellant's motion for Certificate of Appealability").
[10] Although Helmstetter invokes both the writ of *coram nobis* and *coram vobis*, "[t]here is no material distinction between" the two. *In re Swint*, 741 F. App'x 902 n.1 (3d Cir. 2018) (citing *Rawlins v. Kansas*, 714 F.3d 1189, 1194–95 (10th Cir. 2013)).

3

writ of *coram nobis* attacks a judgment that was infirm at the time it was rendered for reasons that later came to light, while a writ of *audita querela* is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition." *Id.*

But the writ of *audita querela* "is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy. This limitation follows from the reasoning of [*United States v. Morgan*, 346 U.S. 502 (1954)]*,* which allows relief pursuant to a writ of *audita querela* only where a gap exists in the system of federal post-conviction remedies." *Id.* at 488 (citing *United States v. Ayala*, 894 F.2d 425, 428 (D.C. Cir. 1990)). And the "fact that a movant cannot meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable." *Slaughter v. United States*, 379 F. App'x 387, 388 (5th Cir. 2010) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)); *see also United States v. Mason*, 131 F. App'x 440, 441 (5th Cir. 2005) (concluding that the defendant's inability to meet the second or successive requirement under § 2255 did not render the § 2255 remedy unavailable for purposes of the writ of *audita querela*); *United States v. Walker*, No. 90-22, 2018 WL 9362308, at *1 (W.D. Tex. July 16, 2018) (construing petition for a writ of *audita querela* as a second or successive § 2255 petition).

# III.

Section 2255 allows a prisoner in federal custody to bring a motion to vacate, set aside, or correct his sentence, in the court that imposed the sentence, when that prisoner claims a

> right to be released upon a ground that the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without the jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). However, a district court should not consider an application for a writ of habeas corpus "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) "requires a prisoner to obtain authorization from a federal court of appeals in his circuit before he may file a 'second or successive' habeas application in federal district court." *United States v. Jones*, 796 F.3d 483, 484–85 (5th Cir. 2015) (citing 28 U.S.C. § 2244(b)(3)(A)).

"'In order to prevent conflicts between the strict limitations in AEDPA on second-or-successive habeas petitions and the more lenient restrictions on post-judgment motions in the Federal Rules of Civil Procedure, a court must review post-judgment motions 'to determine whether they are, in fact, second-or-successive habeas petitions in disguise.'" *United States v. Richardson*, No. 13-2, 2017 WL 785269, at *2 (E.D. La. Mar. 1, 2017) (Africk, J.) (quoting *In re Jasper*, 559 F. App'x 366, 370–71 (5th Cir. 2014)). "That requirement applies regardless of how a motion

is styled." *Id.* at *2 (citing *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning.")).

**IV.**

Helmstetter's petition raises a constitutional challenge to his sentence under *Montgomery v. Louisiana*, 577 U.S. 190 (2016), which held that *Miller v. Alabama*, 567 U.S. 460, 470 (2012)—the decision prohibiting sentences of mandatory life without parole for juvenile offenders—was a substantive rule of constitutional law that applied retroactively. *Montgomery*, 577 U.S. at 206. Since Helmstetter attempts to challenge his conviction or sentence based on the constitutional rule announced in *Miller* and made retroactive in *Montgomery*, his petition seeks the same relief that may be sought under § 2255. *See In re Sparks*, 657 F.3d 258, 262 (5th Cir. 2011) (finding that movant made "a sufficient prima facie showing that he might be entitled to" § 2255 relief under a new rule of constitutional law made retroactive and granting permission to a file successive § 2255 petition).

It makes no difference that Helmstetter cloaks his petition as one for writs of *coram nobis* and *audita querela*. *See Jasper*, 559 F. App'x at 370–71 (requiring courts to determine whether post-judgment motions are "second-or-successive habeas petitions in disguise"). As noted above, neither writ may be sought here: only those no longer in custody may petition for *coram nobis*, *Hatten*, 167 F.3d at 887, and *audita querela* is not available whenever a § 2255 petition is available. *Miller*, 599 F.3d at 488. Further, a § 2255 motion is "available" even if "the movant cannot meet the requirements for bringing a successive" § 2255 motion. *Mason*, 131 F. App'x at 441.

Helmstetter has already filed a § 2255 motion,[11] so the Court construes his present petition in part as a motion for authorization to file a second or successive § 2255 petition. *See Walker*, 2018 WL 9362308, at *4 (construing petition for writ of *audita querela* as a successive habeas petition). So construed, this Court lacks jurisdiction over it. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (describing this as a "jurisdictional bar to the district court's asserting jurisdiction").

The Court will therefore transfer Helmstetter's petition to the U.S. Court of Appeals for the Fifth Circuit for further proceedings. *In re Hartzog*, 444 F. App'x 63, 65 (5th Cir. 2011) (noting a district court in these circumstances "may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to this Court"); *United States v. Booty*, No. 07-182, 2012 WL 2061628, at *1 (E.D. La. June 7, 2012) (Africk, J.) (construing motion to reconsider Court's previous § 2255 ruling as a motion to authorize the filing of a successive § 2255 petition and transferring to the Fifth Circuit). Accordingly,

**IT IS ORDERED** that Helmstetter's petition is construed in part as a motion for authorization to file a second or successive § 2255 petition.

**IT IS FURTHER ORDERED** that this motion is hereby **TRANSFERRED** to the U.S. Court of Appeals for the Fifth Circuit under the authority of 28 U.S.C.

---

[11] *See* R. Doc. No. 805.

7

§ 1631 for that court to determine whether Helmstetter is authorized under 28 U.S.C. §§ 2244(a) and 2255(h) to proceed with a successive petition in this Court.

New Orleans, Louisiana, July 1, 2021.

*[signature]*
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**