UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 92-469** |
| **MARLO HELMSTETTER** | **SECTION I** |

### ORDER & REASONS

Before the Court is *pro se* defendant Marlo Helmstetter's ("Helmstetter") petition "to correct an unconstitutional clerical error and thereafter conduct a new hearing."[1] For the reasons discussed below, the petition currently before the Court is properly construed as a motion for authorization to file a second or successive petition pursuant to 28 U.S.C. § 2255. Because the United States Court of Appeals for the Fifth Circuit has not granted Helmstetter permission to file such a petition, the Court will transfer this motion to the Fifth Circuit for further proceedings.

### I. BACKGROUND

Helmstetter was convicted of five felony counts in 1993: conspiracy to possess cocaine with the intent to distribute (Count 1); murder in aid of racketeering activity (Counts 9 and 10); aggravated assault in aid of racketeering activity (Count 11); and using and carrying a firearm in aid of drug trafficking activity (Count 15).[2] Another section of this Court sentenced Helmstetter to three life sentences each for Counts 1,

---

[1] R. Doc. No. 1292, at 1.
[2] R. Doc. No. 1185, at 1. Helmstetter's roles in the conspiracy included "firearms procurer and storer" and "gunman and enforcer." *United States v. Tolliver*, 61 F.3d 1196 (5th Cir. 1995).

9, and 10, 240 months' imprisonment for Count 11, and 60 months' imprisonment for Count 15.[3] All sentences were to be served consecutively.[4] The Fifth Circuit affirmed on all counts. *Tolliver*, 61 F.3d 1189.

In 1997, Helmstetter filed a motion pursuant to 28 U.S.C. § 2255. He argued therein that (1) his conviction and sentence for Count 15 should be vacated in light of *Bailey v. United States*, 516 U.S. 137 (1995); (2) he received ineffective assistance of counsel under a variety of theories; and (3) there was insufficient evidence to support his conspiracy conviction.[5] A different section of this Court granted that motion as to Helmstetter's first argument—vacating his conviction and sentence as to Count 15—but denied it on all other grounds.[6] In doing so, the Court noted that, because the sentences for the other counts (three life sentences and one 240-month sentence) were to run consecutively, "vacating Petitioner's § 924 conviction and § 924 sentence makes no difference in the amount of time Petitioner serves."[7] Helmstetter then sought, and was denied, a certificate of appealability as to that order from the other section of this Court and the Fifth Circuit.[8]

---

[3] R. Doc. No. 805, at 2–3.
[4] *Id.* at 3.
[5] *Id.* at 3–4.
[6] *Id.* at 23.
[7] *Id.* at 9 n.4.
[8] R. Doc. No. 828; *United States v. Helmstetter*, No. 97-30883 (5th Cir. May 5, 1998) (docket entry, stating that the court "den[ied] appellant's motion for Certificate of Appealability"). Helmstetter subsequently sought authorization from the Fifth Circuit to file a successive § 2255 motion on June 25, 2001, but moved to withdraw the motion for authorization on July 20, 2001. The Fifth Circuit granted his motion to withdraw on July 23, 2001. *See* R. Doc. No. 1185, at 3; *see also United States v. Helmstetter*, No. 01-30729 (5th Cir. 2001).

On June 1, 2021, Helmstetter filed a petition for a "writ of error coram nobis and coram vobis, writ of audita querela and/or motion to proceed in forma pauperis."[9] On July 1, 2021, this Court held that, because Helmstetter's petition "attempt[ed] to challenge his conviction or sentence based on the constitutional rule announced in *Miller* [*v. Alabama*, 567 U.S. 460, 470 (2012)] and made retroactive in *Montgomery* [*v. Louisiana*, 577 U.S. 190 (2016)], his petition [sought] the same relief that may be sought under § 2255" and was therefore correctly construed as a motion for authorization to file a second or successive § 2255 petition.[10] This Court accordingly transferred Helmstetter's petition to the Fifth Circuit for further proceedings. The Fifth Circuit denied Helmstetter's motion.[11]

On August 24, 2022, Helmstetter filed a motion[12] to correct a clerical error pursuant to Federal Rule of Criminal Procedure 36. The United States of America opposes this motion.[13]

## II.   LEGAL STANDARD

*Title 28, United States Code, Section 2255*

Section 2255 allows a prisoner in federal custody to bring a motion to vacate, set aside, or correct her sentence in the court that imposed the sentence, when that prisoner claims a

> right to be released upon a ground that the sentence was imposed in violation of the constitution or laws of the United States, or that the

---

[9] R. Doc. No. 1256.
[10] R. Doc. No. 1268, at 6–7.
[11] R. Doc. Nos. 1272, 1287.
[12] R. Doc. No. 1292.
[13] R. Doc. No. 1297.

> court was without the jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

"While the grounds for initial § 2255 motions are virtually unfettered, the grounds for subsequent § 2255 motions are restricted." *Hammoud v. Ma'at*, No. 19-50914, 2022 WL 3904659, at *2 (5th Cir. Aug. 31, 2022). The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted on April 24, 1996, "eliminates federal jurisdiction over second-or-successive motions, unless they are first authorized by the court of appeals to 'meet the strict procedural requirements' of 28 U.S.C. § 2255(h)." *United States v. Vargas-Soto*, 35 F.4th 979, 988 (5th Cir. 2022) (quoting *United States v. Wiese*, 896 F.3d 720, 723–24 (5th Cir. 2018)). Pursuant to AEDPA, a second or successive § 2255 motion must be certified by the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*United States v. Orozco-Ramirez*, 211 F.3d 862, 865 (5th Cir. 2000) (quoting 28 U.S.C. § 2255(h)).

"In order to prevent conflicts between the strict limitations in AEDPA on second-or-successive habeas petitions and the more lenient restrictions on post-judgment motions in the Federal Rules of Civil Procedure, a court must review post-judgment motions 'to determine whether they are, in fact, second-or-successive

habeas petitions in disguise.'" *United States v. Richardson*, No. 13-2, 2017 WL 785269, at *2 (E.D. La. Mar. 1, 2017) (Africk, J.) (quoting *In re Jasper*, 559 F. App'x 366, 370–71 (5th Cir. 2014)). "That requirement applies regardless of how a motion is styled." *Id.* (citing *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning.")).

### III. LAW & ANALYSIS

Despite labeling his petition a motion to correct a clerical error pursuant to Rule 36, as Helmstetter attempts to challenge his conviction or sentence based on constitutional grounds, his petition seeks the same relief that may be sought pursuant to § 2255. *See United States v. Garcia*, 344 F. App'x. 935 (5th Cir. 2009) (ruling that a Rule 36 motion asserting that the district court miscalculated a sentence and utilized an incorrect edition of the U.S.S.G. was a collateral attack on petitioner's sentence that must be brought pursuant to § 2255).

Helmstetter has already filed a § 2255 motion,[14] so the Court construes his present petition as a motion for authorization to file a second or successive § 2255 petition. *See Jasper*, 559 F. App'x at 370–71 (requiring courts to determine whether post-judgment motions are "second-or-successive habeas petitions in disguise"). So construed, this Court lacks jurisdiction over it. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); *Vargas-Soto*, 35 F.4th at 987 (describing AEDPA,

---

[14] *See* R. Doc. No. 805.

per Supreme Court precedent, as a jurisdictional bar applicable to second or successive § 2255 motions) (citing *Panetti v. Quarterman*, 551 U.S. 930, 942 (2007)).

The Court will therefore transfer Helmstetter's petition to the U.S. Court of Appeals for the Fifth Circuit for further proceedings. *In re Hartzog*, 444 F. App'x 63, 65 (5th Cir. 2011) (noting that a district court in these circumstances "may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to this Court"); *United States v. Booty*, No. 07-182, 2012 WL 2061628, at *1 (E.D. La. June 7, 2012) (Africk, J.) (construing motion to reconsider Court's previous § 2255 ruling as a motion to authorize the filing of a successive § 2255 petition and transferring to the Fifth Circuit). Accordingly,

**IT IS ORDERED** that Helmstetter's petition is construed as a motion for authorization to file a second or successive § 2255 petition.

**IT IS FURTHER ORDERED** that this motion is hereby **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to the authority of 28 U.S.C. § 1631 for that court to determine whether Helmstetter is authorized pursuant to 28 U.S.C. § 2255(h) to proceed with a successive petition in this Court.

New Orleans, Louisiana, September 28, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**