## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 92-469** |
| **MARLO HELMSTETTER** | **SECTION I** |

### ORDER & REASONS

Before the Court is *pro se* defendant Marlo Helmstetter's ("Helmstetter") "renewed" motion[1] for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[2] Helmstetter asks the Court to reconsider its ruling on his previous motion for compassionate release in light of the Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). The government opposes[3] the motion. For the following reasons, the Court will deny Helmstetter's motion.

### I. BACKGROUND

Helmstetter was convicted of five felony counts in 1993: conspiracy to possess cocaine with the intent to distribute (Count 1), murder in aid of racketeering activity (Counts 9 and 10), aggravated assault in aid of racketeering activity (Count 11), and using and carrying a firearm in aid of drug trafficking activity (Count 15).[4] The Court sentenced Helmstetter to three life sentences each for Counts 1, 9, and 10; 240 months' imprisonment for Count 11; and 60 months for Count 15.[5] All sentences were

---

[1] R. Doc. No. 1304.
[2] This Court previously denied a motion for compassionate release filed on August 14, 2020. R. Doc. No. 1255.
[3] R. Doc. No. 1307.
[4] R. Doc. No. 1185, at 1.
[5] *Id.*

1

to be served consecutively.[6] The Fifth Circuit affirmed on all counts, *United States v. Tolliver*, 61 F.3d 1189 (5th Cir. 1995), but this Court later vacated his conviction and sentence as to Count 15.[7] Helmstetter is currently incarcerated at United States Penitentiary Lee in Virginia.[8]

In August 2020, Helmstetter filed a motion for compassionate release, citing his health ailments in light of the COVID-19 pandemic as grounds for relief.[9] Helmstetter also highlighted the length of his incarceration, his youth at the time of his arrest and conviction, his efforts at rehabilitation while in prison, and his support network at home as reasons the Court should consider compassionate release.[10] This Court denied his motion after determining that "Helmstetter's risk of serious illness is too speculative to be compelling."[11] This Court also found that "[n]either Helmstetter's age (49) nor his family circumstances qualify as extraordinary or compelling under the policy statement."[12] Finally, the Court held that even if Helmstetter had presented an extraordinary and compelling circumstance, the factors set forth in 18 U.S.C. § 3553(a) would nonetheless preclude his release.[13]

---

[6] *Id.*
[7] *Id.* at 1–2 (citing R. Doc. No. 1178, at 2).
[8] *Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 5, 2023).
[9] R. Doc. No. 1246.
[10] *Id.*
[11] R. Doc. No. 1255, at 12.
[12] *Id.* at 9.
[13] *Id.* at 14.

## II.     STANDARD OF LAW

The Court "may" grant defendant's motion for compassionate release pursuant to the First Step Act if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[14] According to the statute, the Court must also conclude that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (ii). However, the Fifth Circuit—along with the Second, Fourth, Sixth, Seventh, and Tenth Circuits[15]—has held that "neither the [Sentencing Commission's] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Accordingly, the Court is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Id.* Nonetheless, the Fifth Circuit has also recognized that the policy statement may still "inform[ ] [its] analysis." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

The most relevant policy statement is found in § 1B1.13 of the U.S. Sentencing Guidelines Manual ("U.S.S.G."). The Application Notes to that policy statement, in

---

[14] "[T]he district court may deny [the defendant's] motion without reaching the Section 3553(a) factors if it determines that he has not identified 'extraordinary and compelling reasons' justifying his release." *United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)(i) and *United States v. Thompson*, 984 F.3d 431, 433–35 (5th Cir. 2021)).

[15] *See United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *McCoy*, 981 F.3d 271; *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020); *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021).

3

turn, provide four categories of extraordinary and compelling reasons: "(1) medical conditions, (2) age, (3) family circumstances, and (4) 'other reasons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1(A)–(D)) (alterations omitted). Before passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP")—not defendants themselves—could move for compassionate release. The First Step Act changed that, but the Sentencing Commission's policy statements have lagged behind. Because these policy statements have not been amended since the enactment of the First Step Act, portions of the statements now contradict 18 U.S.C. § 3582(c)(1)(A).[16]

### III. ANALYSIS

#### a. *Concepcion v. United States*

Helmstetter again seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[17] Helmstetter filed the instant motion on December 12, 2022, and filed

---

[16] For example, the policy statement referenced above begins with "[u]pon a motion by the Director of the Bureau of Prisons"—which implies that the entire statement applies only to motions made by the Director of the BOP (and not those filed by defendants). U.S.S.G. § 1B1.13, Policy Statement; *see also id.* cmt. n.4 ("A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons[.]"); *see also United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (Fallon, J.) (noting the discrepancy).

[17] R. Doc. No. 1304. It is not clear to the Court that Helmstetter exhausted his administrative remedies before filing his renewed motion. However, the government has not invoked failure to exhaust. *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 208 L. Ed. 2d 466, 141 S. Ct. 920 (2020) (holding that failure to exhaust is not jurisdictional, but is rather a mandatory claim-processing rule that must be enforced if invoked by the government). And, pursuant to Fifth Circuit precedent, it is an abuse of discretion for the Court to raise the issue *sua sponte*. *See United States v. McLean*, No. 21-40015, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022) ("Because the Government did not raise exhaustion, the district court

4

supplemental memoranda on December 29, 2022, January 20, 2023, and January 30, 2023.[18] Helmstetter's renewed motion requests the Court reconsider his previous motion in light of the Supreme Court's recent decision in *Concepcion v. United States*.[19] In *Concepcion*, the Supreme Court held that the First Step Act "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Id.* at 2404. A federal judge, in determining and imposing a sentence, "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *Id.* at 2399 (quoting *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)). Helmstetter asserts that *Concepcion* allows this Court to consider "intervening changes of law or fact in exercising [its] discretion to reduce a sentence."[20]

Helmstetter specifically cites *United States v. Booker*, 543 U.S. 220 (2005), and *Alleyne v. United States*, 570 U.S. 99 (2013), as intervening changes in law that justify a reduction in his sentence. In *Booker*, the Supreme Court held that the Sentencing Reform Act of 1984, as amended, "makes the Guidelines effectively advisory." 543 U.S. at 245. In *Alleyne*, the Supreme Court held that an aggravating factor used to increase a statutory maximum sentence must be submitted to the jury and proved beyond a reasonable doubt. 570 U.S. at 103. In his first supplement memorandum,

---

abused its discretion in denying McLean's request for compassionate release based on his purported failure to comply with § 3582(c)(1)(A)'s exhaustion requirement.).
[18] R. Doc. Nos. 1306, 1308, 1309.
[19] R. Doc. No. 1304, at 1.
[20] *Id.*

Helmstetter further contends that changes in the application of the Guidelines have resulted in a "gross disparity" between his sentence and those of similarly situated defendants.[21] Accordingly, Helmstetter asks this Court to consider the inequity brought about by these changes to the law "in conjunction with the 'other contentions,' documents, and evidence that was submitted in his previous compassionate release motion."[22]

In response, the government asserts that Helmstetter "does not identify or allege any new or changed facts in pursuit of his early release from prison."[23] Specifically, the government argues that his claims are doomed by his failure to explain which changes to the Guidelines would have reduced his Guideline range.[24] Instead, the government argues, he "only represents generally that the guidelines have changed; he does not identify which offense level applications or criminal history calculations would result in what amounts to a three-offense level reduction."[25] Finally, the government asserts that Helmstetter mischaracterizes and misapplies *Concepcion*.[26]

As the government argues, *Concepcion* does not aid Helmstetter. The Supreme Court held in *Concepcion* that the only limitations on the "longstanding tradition" of

---

[21] R. Doc. No. 1306, at 1. Helmstetter cites *United States v. Rollins*, 540 F. Supp. 3d 804, 812–13 (N.D. Ill. 2021), wherein the court noted that the average federal sentence for murder in fiscal year 2002 was 232.7 months, roughly 19 years.
[22] R. Doc. No. 1304, at 3.
[23] R. Doc. No. 1307, at 5.
[24] *Id.* at 6.
[25] *Id.*
[26] *Id.*

6

discretion afforded to sentencing courts "to consider any relevant materials at an initial sentencing or in modifying that sentence are those set forth by Congress in a statute or by the Constitution." 142 S. Ct. at 2396, 2400. The procedural requirements of 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(1)(A) are such congressional constraints.

As this Court and others have held, *Concepcion* is not relevant to the threshold requirements parties seeking compassionate release must first satisfy: a finding by the Court that the § 3553 factors do not warrant the defendant's continued incarceration and the existence of "extraordinary and compelling" circumstances which justify compassionate release. *See United States v. Elwood*, No. 92-469, 2022 WL 14810101 (E.D. La. Oct. 26, 2022) (Africk, J.). Without *Concepcion*, Helmstetter's renewed motion largely recycles his first one. Nonetheless, the Court will consider Helmstetter's renewed and new arguments to determine (1) if extraordinary and compelling circumstances justifying his release or a reduction in sentences exist, and (2) whether compassionate release is warranted after application of the 18 U.S.C. § 3553(a) factors.

### b. Extraordinary and Compelling Circumstances

A defendant must present extraordinary and compelling reasons justifying his compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). As stated, the Sentencing Commission's policy statement "informs" the Court's analysis of whether Helmstetter has presented such reasons. *Thompson*, 984 F.3d at 433 (citing U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1); *Perdigao*, 2020 WL 1672322, at *2. Neither Helmstetter's

age (51)[27] nor his family circumstances[28] qualify as extraordinary or compelling under the policy statement. Therefore, the Court reviews Helmstetter's medical conditions and "other reasons." *See* U.S.S.G. § 1B1.13 cmt. n.1(A)-(D). The Court concludes that neither are sufficient to constitute extraordinary and compelling circumstances warranting compassionate release

### i.  Medical Conditions

The Sentencing Commission's relevant policy statement specifies that, to be sufficiently serious as to warrant release, a medical condition must be a "terminal illness," or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Helmstetter states in his motion that he suffers from high blood pressure and hypertension.[29] Helmstetter offers no evidence that these conditions substantially diminish his ability to provide self-care in the facility where he is incarcerated, or that his conditions are ones from which he is not expected to recover. U.S.S.G. § 1B1.13 cmt. n.1(A).

---

[27] R. Doc. No. 1304, at 4. The Commission's policy statement requires a minimum age of 65 years, in addition to other criteria, for age to constitute an extraordinary and compelling reason. *See* U.S.S.G. § 1B1.13 cmt. 1(B).

[28] As to family circumstances, the policy statement requires either (1) the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or (2) the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. 1(C). Helmstetter has shown neither of these circumstances.

[29] R. Doc. No. 1308, at 2.

8

Courts in the Fifth Circuit have held that the medical conditions Helmstetter alleges do not qualify as "extraordinary and compelling." *See, e.g., United States v. Murray*, No. 19-041, 2020 WL 4000858, at *5 (E.D. La. July 15, 2020) (Fallon, J.) (holding that conditions such as high blood pressure and arthritis do not constitute "extraordinary and compelling" reasons justifying release as the "conditions are not life-threatening, nor do they appear to substantially diminish [defendant's] ability to provide self-care while incarcerated"); *Thompson*, 984 F.3d at 434 (affirming denial of compassionate release for inmate with hypertension and high cholesterol, noting that "both [conditions] are commonplace" and not "extraordinary"). There is also no reason to conclude that the BOP cannot address Helmstetter's medical needs.

> ii.   *"Other" Reasons*

Helmstetter first asserts that his age at the time of conviction (18) constitutes "extraordinary and compelling" circumstances warranting a sentence reduction. Although the Sentencing Commission's policy statement contemplates old age—rather than youth—as a factor with respect to a sentence reduction, Helmstetter argues that "it would be unfair to argue Helmstetter is a 'danger to the community' 'today,' [sic] for the actions of a juvenile with an undeveloped[d] brain to function to make reasonable decisions 30 years ago, to say he's the same 'today.'"[30]

Helmstetter's memoranda reference a series of United States Supreme Court cases[31] that have issued following Helmstetter's sentencing hearing and support the

---

[30] R. Doc. No. 1304, at 4.
[31] *See, e.g., Miller v. Alabama*, 567 U.S. 466 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).

9

notion that a defendant's youth or immaturity at the time of his offense is a relevant factor at sentencing. *See, e.g., Miller*, 567 U.S. at 477 ("To recap: Mandatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences."). Helmstetter also references multiple United States Court of Appeals and United States District Court cases that granted compassionate release based in part on the defendant's youth at the time of his offense.[32]

Recent decisions from this circuit and from others support Helmstetter's argument that his youth at the time of his offense and conviction constitute extraordinary and compelling circumstances. In *United States v. Lee*, No. 04-11, 2021 WL 3129243, at *4 (E.D. La. July 23, 2021) (Fallon, J.), another section of this Court granted a reduction in sentence to a defendant who participated in a series of carjackings when he was 23 years old. The Court did so partially on the basis of the defendant's youth at the time of the offenses, stating that "[a]ge at the time of conviction is 'a factor that many courts have found relevant under § 3582(c)(1)(A)(i).'" *Id.* (quoting *McCoy*, 981 F.3d at 286, and collecting cases). The Court ultimately found that "the incredible length of [the defendant's] stacked mandatory sentences under § 924(c), *his young age at the time of the offenses of conviction*, and the fact that he would likely not receive the same sentence if the crime occurred today constitutes extraordinary and compelling grounds to reduce his sentence as to . . . his three §

---

[32] *See, e.g., United States v. Kerby*, No. 02-336, 2022 WL 16837039 (D. Neb. Nov. 9, 2022); *United States v. Cruz*, No. 94-112, 2021 WL 1326851 (D. Conn. Apr. 9, 2021); *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020).

924(c) convictions." *Id.* at *5 (emphasis added). *See also United States v. Sterling*, No. 05-20061, 2021 WL 197008, at *6 (W.D. La. Jan. 19, 2021) ("[T]he undersigned finds [the defendant's] youth at the time of the offenses is a factor to be considered in determining whether [he] has shown 'extraordinary and compelling' reasons justifying a sentence reduction pursuant to § 3582(c)(1)(A)." (citing *Johnson v. Texas*, 509 U.S. 350, 367 (1993); *Roper v. Simmons*, 543 U.S. 551, 570 (2005)).

In *United States v. Ramsay*, 538 F. Supp. 3d 407 (S.D.N.Y. 2021), Judge Jed Rakoff of the United States District Court for the Southern District of New York granted a former gang member, who was convicted of murder in aid of racketeering, a reduction in sentence from life to 360 months on the basis of his youth (18) at the time of the offense, his troubled upbringing, and his rehabilitation. Judge Rakoff's opinion discusses at length the reasons, scientific and moral, why youthful offenders should receive less severe punishments than adult offenders. The Court concludes that it may consider the defendant's youth at the time of his offense and conviction when determining whether extraordinary and compelling circumstances exist.

Helmstetter next asserts that his rehabilitation while incarcerated has prepared him for life outside of prison. Helmstetter acknowledges that "his conduct of conviction was an [sic] indeed violent, harsh, and unwarranted, and he makes no excuse . . . ."[33] Helmstetter states that he has support from his family that will "assure the needs [sic] to keep him from criminal activity" and will provide him a job upon

---

[33] R. Doc. No. 1304, at 3.

11

release.[34] He further asserts that the "50 plus programs" he has completed since being incarcerated "assure that he will not be a threat to society or his community" because of the skills he has acquired.[35] Helmstetter also indicates that he has enrolled in the Challenge Program, in which he "mentor[s] the youth that was once like him to change for the better."[36] In short, Helmstetter's arguments center on his claim that he is a changed man and he believes he deserves the opportunity to prove it.

Helmstetter's criminal record pre-incarceration includes two juvenile adjudications for possession of marijuana and one for possession of heroin.[37] Helmstetter's documented disciplinary infractions while incarcerated include two instances of "fighting," six instances of assault (five without serious injury; one with serious injury), and three instances of possessing a dangerous weapon—including (in one instance) a nine-inch "metal rod [with a] lanyard hidden in a locker."[38] However, the Court notes that the most recent of these infractions occurred more than nine years ago and his current inmate risk level is "low."[39]

The Court commends Helmstetter's personal growth and acknowledgement of past mistakes. Helmstetter notes, and the Court agrees, that rehabilitation alone does not constitute an extraordinary and compelling reason for compassionate release

---

[34] *Id.* at 5–6.
[35] *Id.* at 4 (these programs include computer programming, commercial driving, resume and job application skills, checking and savings. Helmstetter also states that he is certified in "victim impact awareness" and "all STOP The Violence programs[.]")
[36] *Id.* at 4–5.
[37] R. Doc. No. 672, at 16.
[38] R. Doc. No. 1248-2, at 1–6.
[39] R. Doc. No. 1304-1, at 1.

12

under the First Step Act. *Shkambi*, 993 F.3d at 391 (quoting 28 U.S.C. § 994(t)); *see also United States v. Hudson*, No. 10-329, 2021 WL 2912012, at *4 (E.D. La. July 12, 2021) (Africk, J.) ("Hudson's rehabilitation, though certainly commendable, is not extraordinary or compelling."). Notwithstanding, the Court in this case need not weigh all of the multiple factors which support and fail to support Helmstetter's position as Helmstetter's arguments regarding the § 3553 analysis fails.

### c.     Section 3553(a) Factors

As noted, the Court is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Shkambi*, 993 F.3d at 393. Thus, pursuant to § 3582, the Court may grant a reduction in sentence based on the existence of extraordinary and compelling circumstances only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]" 18 U.S.C. § 3582(c)(1)(A). After considering the applicable § 3553 sentencing factors, the Court finds that a reduction in sentence is not warranted.

The most applicable § 3553 factors are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need for the sentence imposed "to reflect the seriousness of the offense, [or] to promote respect for the law," (3) the need "to afford adequate deterrence to criminal conduct," and (4) the need to "protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(C). As the Court has previously noted,[40] Helmstetter is currently serving three life sentences, to be followed by an additional 240 months, for

---

[40] R. Doc. No. 1255, at 15–16 (citing R. Doc. No. 1185, at 1).

"committing murder and other violent crimes in aid of racketeering activity." *Tolliver*, 61 F.3d at 1196. The underlying drug conspiracy distributed "approximately 1000 kilograms of cocaine" (or nearly two-and-a-quarter tons) in and around New Orleans. *Id*. His sentence therefore serves the purpose of protecting the public from future crimes—including violent crimes—that he may commit if released. 18 U.S.C. § 3553(a)(1), (2)(C). Defendant's sentence also reflects the seriousness of the offenses—involvement in several murders and an extensive drug conspiracy. *See* 18 U.S.C. § 3553(a)(2)(A). Helmstetter's sentence may also be justified as a means of promoting respect for the law and to deter future similar conduct. *See* 18 U.S.C. § 3553(a)(2)(B)–(C). In summary, the § 3553(a) factors weigh against granting Helmstetter's motion for compassionate release.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Helmstetter's renewed motion for compassionate release is **DENIED**.

New Orleans, Louisiana, April 5, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**
