**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                    **No. 92-469**

**MARLO HELMSTETTER**                                **SECTION I**

<u>**ORDER & REASONS**</u>

Before the Court is Marlo Helmstetter's ("Helmstetter") motion[1] to reconsider the Court's order[2] denying Helmstetter's "renewed" motion for compassionate release. The United States of America ("United States") opposes[3] the motion. For the reasons discussed below, the Court denies Helmstetter's motion.

## I.    BACKGROUND

In 1993, Helmstetter was convicted of five felony counts: conspiracy to possess cocaine with the intent to distribute (Count 1), murder in aid of racketeering activity (Counts 9 and 10), aggravated assault in aid of racketeering activity (Count 11), and using and carrying a firearm in aid of drug trafficking activity (Count 15).[4] The Court sentenced Helmstetter to three life sentences each for Counts 1, 9, and 10; 240 months' imprisonment for Count 11; and 60 months' imprisonment for Count 15.[5] All sentences were to be served consecutively.[6] The Fifth Circuit affirmed on all counts,

---

[1] R. Doc. Nos. 1328 (motion for reconsideration) and 1331 (reply memorandum in support of motion for reconsideration).
[2] R. Doc. No. 1327.
[3] R. Doc. No. 1330.
[4] R. Doc. No. 1185, at 1.
[5] *Id.*
[6] *Id.*

*United States v. Tolliver*, 61 F.3d 1189 (5th Cir. 1995), but this Court later vacated his conviction and sentence as to Count 15.[7]

On August 14, 2020, Helmstetter filed a motion for compassionate release, citing his health ailments in light of the COVID-19 pandemic as grounds for relief.[8] Helmstetter also highlighted the length of his incarceration, his youth at the time of his offense and conviction, his efforts at rehabilitation while in prison, and his support network at home as reasons the Court should consider compassionate release.[9] This Court denied his motion after determining that "Helmstetter's risk of serious illness is too speculative to be compelling."[10] This Court also found that "[n]either Helmstetter's age (49) nor his family circumstances qualify as extraordinary or compelling under the [U.S. Sentencing Guidelines] policy statement."[11] Finally, the Court held that even if Helmstetter had presented an extraordinary and compelling circumstance, the factors set forth in 18 U.S.C. § 3553(a) would nonetheless preclude his release.[12]

On December 12, 2022, Helmstetter filed a "renewed" motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[13] In his renewed motion,

---

[7] R. Doc. No. 805, at 8–9 (setting aside Helmstetter's conviction as to Count 15 as "the court's instruction to the jury on the firearms count was erroneous" and therefore "there [was] no certainty that the conviction was for carrying instead of using.").
[8] R. Doc. No. 1246.
[9] *Id.*
[10] R. Doc. No. 1255, at 12.
[11] *Id.* at 9.
[12] *Id.* at 14.
[13] R. Doc. Nos. 1304 ("renewed" motion for compassionate release), 1306 (supplemental memorandum), 1308 (supplemental memorandum), and 1309 (supplemental memorandum).

Helmstetter requested that the Court reconsider his previous motion in light of the Supreme Court's recent decision in *Concepcion v. United States*,[14] which held that the First Step Act "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." 142 S. Ct. 2389, 2404 (2022). The Supreme Court further held in *Concepcion* that a federal judge, when determining and imposing a sentence, "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *Id.* at 2399 (quoting *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)). Helmstetter cited *United States v. Booker*, 543 U.S. 220 (2005), and *Alleyne v. United States*, 570 U.S. 99 (2013), as intervening changes in law that justified a reduction in his sentence.

In his first supplement memorandum to his renewed motion, Helmstetter further contended that changes in the application of the Guidelines have resulted in a "gross disparity" between his sentence and those of similarly situated defendants.[15] Accordingly, Helmstetter asked this Court to consider the inequity brought about by these changes to the law "in conjunction with the 'other contentions,' documents, and evidence that was submitted in his previous compassionate release motion."[16]

The Court denied Helmstetter's renewed motion.[17] In its order and reasons denying Helmstetter's motion, the Court first noted that, "[a]s this Court and others

---

[14] R. Doc. No. 1304, at 1.
[15] R. Doc. No. 1306, at 1.
[16] R. Doc. No. 1304, at 3.
[17] R. Doc. No. 1327.

have held, *Concepcion* is not relevant to the threshold requirements parties seeking compassionate release must first satisfy: a finding by the Court that the § 3553 factors do not warrant the defendant's continued incarceration and the existence of 'extraordinary and compelling' circumstances which justify compassionate release."[18] The Court then determined that Helmstetter had not demonstrated his medical conditions constituted "extraordinary and compelling" circumstances.[19] Finally, though the Court noted that it "may consider the defendant's youth at the time of his offense and conviction when determining whether extraordinary and compelling circumstances exist[,]" the Court concluded that it need not reach the question of whether extraordinary and compelling circumstances existed as Helmstetter could not show that a reduction in sentence was warranted in light of the 18 U.S.C. § 3553 factors.[20] Accordingly, the Court denied Helmstetter's renewed motion.

## II.   LAW & ANALYSIS

In Helmstetter's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e)[21] currently before the Court, Helmstetter asserts that reconsideration is necessary to "correct an error of law or prevent a manifest injustice[.]"[22] Reconsideration is necessary, Helmstetter argues, because the Court

---

[18] *Id.* at 7.
[19] *Id.* at 8–9.
[20] The Court noted that it "is 'bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a).'" *Id.* at 13 (quoting *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021)).
[21] Helmstetter's motion seeks reconsideration pursuant to Rule 59(e)(3). However, as there is no subsection (3) to Rule 59(e), the Court interprets his motion as seeking relief pursuant to Rule 59(e).
[22] R. Doc. No. 1328, at 1.

erred in failing to take Helmstetter's age at the time of offense, conviction, and sentencing into consideration when applying the § 3553 sentencing factors.[23]

"Although the Fifth Circuit has noted that the Federal Rules 'do not recognize a "motion for reconsideration" in *haec verba*,' it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b)." *United States v. Martin*, No. 17-179, 2022 WL 2986579, at *2 (E.D. La. July 28, 2022) (Brown, C.J.) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). The Supreme Court has "concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healey*, 376 U.S. 75, 84 (1964)).

Pursuant to Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or

---

[23] *Id.* at 3 ("Because the government failed to consider the youth age, which [sic] this Court has adopted their position, in regards to the § 3553 factors, this renders an injustice that must be considered or reconsidered under the 'youth age' juvenile fact[.]").

raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

"'A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; [or], (4) the motion is justified by an intervening change in the controlling law.'" *Upper Room Bible Church, Inc. v. Sedgwick Delegated Auth.*, No. 22-3490, 2023 WL 2018001, at *2 (E.D. La. Feb. 15, 2023) (Africk, J.) (quoting *Jupiter v. BellSouth Telecomms., Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.) (internal quotation marks omitted)). "A manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 293 (5th Cir. 2019) (quotation and citations omitted).

As noted, Helmstetter alleges that the Court erred when applying the § 3553 factors by failing to consider his age at the time of his offense, conviction, and sentencing. Helmstetter also asserts that "the Court agreed that Helmstetter has met the threshold of § 3582(c)(1)(A)(i) 'extraordinary and compelling reasons' . . . . [h]owever, the Court took the contrary [position] that Helmstetter has not met the threshold of § 3553(a)(1), (a)(2)(A)–(C) . . . ."[24] Yet the Court did not so find. The Court instead stated that "it *may* consider the defendant's youth at the time of his offense

---

[24] R. Doc. No. 1328, at 2.

6

and conviction when determining whether extraordinary and compelling circumstances exist[,]"[25] but concluded that it need not determine if Helmstetter had demonstrated the existence of extraordinary and compelling circumstances warranting a sentence reduction because such a reduction was not appropriate in light of the § 3553 factors.[26]

Nothing in Helmstetter's motion for reconsideration warrants a different conclusion. The cases Helmstetter cites certainly support the proposition that a Court may consider a defendant's youth at the time of sentencing as extraordinary and compelling circumstances sufficient to warrant a reduction in sentence. However, they do not alter the fact that the Court is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Shkambi*, 993 F.3d at 393.

"Age and lack of guidance as a youth are factors that may be considered under § 3553(a)." *United States v. Acosta*, 584 F. App'x 276, 277 (5th Cir. 2014) (citing *United States v. Mondragon–Santiago*, 564 F.3d 357, 363 & n. 4 (5th Cir. 2009)). Indeed, the

---

[25] R. Doc. No. 1327, at 11 (emphasis added).

[26] *Id.* at 13. The Court notes that the United States, in its opposition to Helmstetter's motion for reconsideration, also misinterprets the Court's ruling on whether age may be considered an extraordinary and compelling circumstance. The United States asserts that the Court "concluded that 'neither [Helmstetter's medical conditions or 'other reasons'] are sufficient to constitute extraordinary and compelling circumstances warranting compassionate release.'" R. Doc. No. 1330, at 3 (quoting R. Doc. No. 1327, at 8). The unmodified quoted language states that "[n]either Helmstetter's age (51) nor his family circumstances qualify as extraordinary or compelling under the policy statement." This language therefore refers to whether Helmstetter sufficiently alleged his *current* age (51) as an extraordinary and compelling circumstance as contemplated by U.S. Sentencing Guidelines Manual § 1B1.13, Policy Statement, cmt. n.1(B)—not whether his age at the time of offense is such a circumstance.

sentencing court "must also consider the policy statements of the Sentencing Commission, [18 U.S.C.] § 3553(a)(5), which expressly allow for consideration of the defendant's age, 'including youth[.]'" *United States v. Sparks*, 941 F.3d 748, 755 (5th Cir. 2019) (citing U.S.S.G. § 5H1.1, p.s.).

However, no one § 3553 factor is dispositive. *See United States v. Dunn*, 728 F.3d 1151, 1159 (9th Cir. 2013) ("No one [§ 3553] factor should be given more or less weight than any other."); *United States v. Choi*, 272 F. App'x 133, 134 (2d Cir. 2008) ("[T]he requirement that a sentencing judge consider an 18 U.S.C. § 3553(a) factor is not synonymous with a requirement that the factor be given determinative or dispositive weight in the particular case." (internal citation omitted)); *United States v. Ferguson*, 156 F. App'x 175, 176 (11th Cir. 2005) (noting that courts are required to apply the § 3553 factors "with no one factor bearing more weight then another.").

Section 3582(c)(1)(A) directs the Court to consider the sentencing factors, to the extent they are applicable, before exercising its discretion and granting compassionate release. *See, e.g.*, *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (noting discretionary nature of compassionate release). The Court did so. The Court considered Helmstetter's age at the time he committed the offenses for which he was convicted when the Court considered his history and his personal characteristics. 18 U.S.C. § 3553(a)(1). Helmstetter's sentence is appropriate in light of not only his relative youth at the time of offense, but also the need for his sentence to reflect the seriousness of his offenses, promote respect for the law, provide just punishment for his offenses, adequately deter criminal conduct, and to protect the

8

public from further crimes.[27] *See United States v. Clark*, No. 94-1, 2023 WL 2815152, at *3, 8 (E.D. Tex. Apr. 6, 2023) (denying motion for compassionate release as "the sentencing court carefully considered [the defendant's] youth" and his sentence of 50 years was appropriate in light of the severity of the offense).

Helmstetter has failed to demonstrate that reconsideration is necessary to correct manifest errors of law or fact, to present new evidence, to show that reconsideration is necessary to prevent manifest injustice, or to remedy an intervening change in the controlling law. *Upper Room Bible Church, Inc.*, 2023 WL 2018001, at *2.

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Helmstetter's motion for reconsideration is **DENIED**.

New Orleans, Louisiana, May 30, 2023.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[27] *See* R. Doc. No. 1327, at 13–14.