UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 92-469 |
| MARLO HELMSTETTER | SECTION I |

### ORDER & REASONS

Defendant Marlo Helmstetter ("Helmstetter") has filed a motion[1] for an extension of time and for appointment of legal counsel to reply to the government's opposition to his motion[2] to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Helmstetter states that "[d]ue to the shortage of staff and constant lock downs at USP-Beaumont," he is "unable to go to the law library to properly prepare a reply to the government's opposition to [his] compassionate release motion."[3] He asks the Court to appoint him counsel and grant his request for a 21-day extension so that he may "properly reply" to the government's opposition because he is "unable to move forward alone under such circumstances."[4]

For the following reasons, Helmstetter's motion for appointment of counsel is denied. However, the Court grants his request for additional time to reply to the government's opposition.

---

[1] R. Doc. No. 1373.
[2] R. Doc. No. 1369.
[3] R. Doc. No. 1373, at 1.
[4] *See id.*

## I.

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). "In the context of 18 U.S.C. § 3582(c)(1)(A) motions, the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." *United States v. Allen*, No. 12-138, 2024 WL 640017, at *2 (E.D. La. Feb. 15, 2024) (Vance, J.) (citing *United States v. Diaz*, No. 22-40044, 2023 WL 1879404, at *3 (5th Cir. Feb. 10, 2023)).

"Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Mogan*, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) (Morgan, J.) (quoting *United States v. Rodriguez*, No. 10-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (citing *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008))); *see* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). The interests of justice do not require that counsel be appointed when the motion does "not involve complicated or unresolved issues" or where a defendant proves capable of representing himself pro se. *See Allen*, 2024 WL 640017, at *2 (quoting *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam)).

The interests of justice do not require that the Court appoint counsel for Helmstetter. The motion at issue is not complex, *see United States v. Drayton*, No. 10-

20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) ("[A] claim for compassionate release is not particularly complex factually or legally."), and Helmstetter has proven he is fully capable of representing himself on the matter pro se.[5] *See Allen*, 2024 WL 640017, at *2 (finding that the defendant was capable of representing himself pro se and denying the defendant's request for appointed counsel even where the defendant's "motion involve[d] the application of a relatively new policy statement issued by the Sentencing Commission" because the defendant's "briefing adequately identified relevant law and applied the law to the facts of his case").

However, while the Court finds that Helmstetter's circumstances do not justify appointment of counsel, the Court will grant Helmstetter's request for an additional 21 days to reply to the government's opposition to his motion.

## II.

Accordingly,

**IT IS ORDERED** that Helmstetter's motion for appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that Helmstetter shall file his reply to the government's opposition[6] no later than **Thursday, DECEMBER 11, 2025.**

New Orleans, Louisiana, November 20, 2025.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[5] *See* R. Doc. No. 1373 (providing cogent, well-articulated reasons why he is seeking compassionate release and supporting those arguments with caselaw and relevant documentation).
[6] R. Doc. No. 1372.